*Jackson, on the demise of Joseph Winter,* v. *Martin M'Evoy, tenant in possession.*

WOODS applied to vacate the judgment entered against the casual ejector, and to admit *Henry Mas-*

*terton* to be made defendant, on such terms as the court might be pleased to order.

From the affidavit of *Masterton*, it appeared, that the suit was instituted to recover possession of forty-five acres of land in the county of *West-Chester*, to which he claimed title, and has a real and substantial defence to make : that, on the 26th day of *July* last, the deponent discovered in the book of common rules of this court, that a rule for judgment against the casual ejector had been entered in the above cause, on the 12th day of *May* preceding; that the tenant in possession never informed the deponent of any declaration in the said suit having been served upon him, till a long time after the rule for judgment had been entered ; that the deponent believed the knowledge of it was withheld from him, owing to a good understanding between the lessor of the plaintiff, and the tenant in possession, to prevent *that* defence being made, which the lessor of the plaintiff was, previous to the commencement of the above suit, told by the deponent he would make, and that on search he finds no record has been filed in the above cause.

These facts and allegations, he contended, were tantamount to a positive assertion of title, that it was impossible without one to have a real and substantial defence. That nothing would be lost by the plaintiff, as a trial might be had at the circuit in *September*. That the question would then fairly come up, whether the deponent or *Winter* was really entitled.

RADCLIFF, J. There does not appear to be any relation between *Masterton* and the tenant.

*Woods.* Perhaps the affidavit does not go quite far enough in stating that expressly, but surely it may well be gathered from the whole.

*Emott*, contra. The deponent does not swear to any title; he only says he has a claim: he does not swear that he is the landlord; not even that there is a privity between him and the tenant. If then there is no title, if he is not landlord, and if there is no privity, how can he be made a defendant? If a man may thus come in and vacate a judgment, without any complaint from the tenant, there is not one which may not be set aside. There is nothing stated which shows that notice of the ejectment ought to have been given to the deponent. The tenant is not obliged to hunt out all persons who have claims; he can only be expected to communicate to his privies.

*Per Curiam.* The party can take nothing by his motion.